IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BRIAN JOSEPH FRECHOU**                                          **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO. 1:08cv1396-RHW**

**SHERIFF DAVID ALLISON**
**and PEARL RIVER COUNTY**                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is [38] Defendants' motion to dismiss or for summary judgment and for qualified immunity filed June 5, 2009. Under the Rules then in effect, Plaintiff's response to the motion was due June 22, 2009,[1] but Plaintiff has neither responded, nor requested any extension of time to respond to the motion. However, despite Plaintiff's lack of a response, because this is a dispositive motion, the Court must address it on the merits.[2]

Procedural History

Brian Joseph Frechou filed this 42 U.S.C. § 1983 prisoner's civil rights lawsuit on November 13, 2008, claiming violation of his constitutional rights during his incarceration in the Pearl River County jail. Frechou was placed in the jail May 28, 2008, on charges of reckless driving and five counts of exploitation of children. [38-4, p. 10], [38-5, pp. 23-26] Frechou pled guilty to one charge of sexual exploitation of minors, and on March 23, 2009, he was sentenced to serve 93 months confinement and twenty years supervised release. *USA v.*

---

[1] Rule 7.2(C) and (D), *Uniform Local Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (effective November 1, 2004), [now Rule 7(b)(3) and (4), *Local Uniform Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi (L.U.Civ.R.)* (effective December 1, 2009)].

[2] Rule 7.2(C)(2), *Uniform Local Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (effective November 1, 2004), [now Rule 7 (b)(3)(E), *L.U.Civ.R.* (effective December 1, 2009)].

1

*Frechou*, Criminal Cause No. 1:08cr106-LG-RHW, United States District Court, Southern District of Mississippi, Southern Division; [38-4, pp. 10-11]. On April 2, 2009, the Court conducted an omnibus/screening hearing of the case. All parties consented to jurisdiction by the U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, and the case was reassigned to the undersigned for all purposes . [19], [37].

In his complaint in the present lawsuit, Frechou claims Defendants violated his constitutional rights by not providing him a daily 81mg aspirin for heart care, and for conditions at the jail including: housing three men in a two-man cell, having to sleep on the floor, drinking water that is room temperature and sometimes discolored, cold food, no cleaning in cells on weekends, lack of pest control for ants and spiders, staph infections, infrequent yard call, dust in ventilation vents, mail not being timely delivered, the presence of black mold in the shower, and verbal abuse from jail staff.

Summary Judgment Standard

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. Rule 56(c) mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). On a motion for summary judgment, the Court considers "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby,* 477 U.S. 242, 251-52, 106 S. Ct. 2505,

2512, 91 L. Ed. 2d 202 (1986). Rule 56(e) provides in part:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading, rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. <u>If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.</u>

*Fed. R. Civ. P.* 56 (e) (emphasis added). The Court may grant a motion for summary judgment which is accompanied by competent supporting evidence if the opposing party fails to present controverting evidence. *Fed. R. Civ. P. 56 (e)*. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir.), *cert. denied*, 506 U.S. 973, 113 S. Ct. 462, 121 L. Ed. 2d 371 (1992).

The moving party must show the absence of a genuine issue of material fact by affidavit or other evidentiary materials. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 n.2, 91 L.Ed.2d 265 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986). For the Court to find there are no genuine material factual issues, the Court must be satisfied that no reasonable trier of fact could find for the nonmoving party, *i.e.*, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict for him. *Anderson v. Liberty Lobby,* 477 U.S. 242, 249-50, 106 S. Ct. at 2510-11 (1986).

If the movant establishes the absence of a genuine issue of material fact, then "the

nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994), *citing Celotex*, 477 U. S. at 325, 106 S. Ct. at 2553-54.  The nonmovant cannot discharge this burden by simply referring to allegations or denials in his pleadings, but must, either by submitting opposing evidentiary documents or by referring to evidentiary documents already in the record, set out specific facts showing that a genuine issue as to a material fact exists.   See *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); Fed. R.Civ. P. 56(e).  If the nonmovant fails to present evidence showing a genuine issue of material facts exists, "the summary judgment motion must be granted." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

<u>Deliberate Indifference to Serious Medical Needs</u>

To establish a constitutional violation due to deliberate indifference to serious medical needs, Frechou bore the burden of proving: (1) the Defendants were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) that the Defendants actually drew that inference; and (3) that the Defendants' response indicated that they intended that the harm occur. *Thompson v. Upshur County TX, et al*., 245 F.3d 447 (5th Cir. 2001); *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (plaintiff must show officials "refused to treat him ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs.").  In other words, Frechou was required to show the Defendants' deliberate indifference to his serious medical needs unnecessarily and wantonly inflicted harm on him.[3]  Deliberate indifference cannot be

---

[3] *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976).

inferred from a negligent, or even a grossly negligent, response to a substantial risk of serious harm. *Id.* To act "deliberately" means to act intentionally; that is, knowingly and voluntarily and not because of mistake or accident. Even if Frechou's medical care were to be deemed inadequate, that would not suffice to establish a constitutional violation.

> [n]ot all inadequate medical care rises to the level of an Eighth Amendment violation; "[it] is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." A plaintiff must prove "objectively that he was exposed to a substantial risk of serious harm: and that "jail officials
> acted or failed to act with indifference to that risk" which requires actual knowledge and disregard.

(Footnotes omitted). *Victoria W. v. Larpenter*, 369 F.3d 475, 483 (5th Cir. 2004). Applying this standard to Frechou's medical claims, the Court finds Frechou has failed to meet his burden.

Frechou testified he told jail officials as soon as he was booked in at the jail that he needed an 81 mg aspirin each day for his heart, but the jail did not provide it. Frechou testified he had occasional chest pains at night during the time he was off his aspirin, but nothing that required his seeing the doctor. Frechou stated he was first given an aspirin September 27, 2008. He admitted that one could buy aspirin from the canteen, but stated for the first couple of months he was at the jail, he did not have any money to purchase it. However, his jail account records show that on July 7, 2008, he had $70.00 in his inmate account, and on August 5, 2008, he had another $632.00 deposited to his account. [38-5, pp. 17-18] With such funds available to him, Frechou certainly did not have to wait until September to get his low dose aspirin. The Court deems this medical need no more serious than Frechou's actions indicate he considered it.

Frechou stated he sometimes had cramps/pain in his leg, and rashes which would come and go. The rashes looked to him like a heat rash and started about a month after he was

5

incarcerated. He assumes they were caused by the water or the type of soap he was using. His calf pain began around November 2008, and when he saw the nurse in December, she told him there was nothing wrong with him and he got no other treatment for it. He claims blood clots run in his family, though he has never been diagnosed with such a condition. He does not attribute the calf pain to the lack of aspirin, and testified the calf pain has subsided. Finally, Frechou complains that he has a fingernail fungus and occasional nosebleeds. His testimony indicates he developed the fingernail fungus around September 20, 2008; that he told the nurse about it but got no antifungal treatment, and it had not gone away as of the date of the hearing. The fungus makes the tip of his fingernail break off. He stated the nurse told him it is normal to have nosebleeds on occasion. [38-4, pp. 11-17]

A finding of deliberate indifference "must rest on the facts clearly evincing 'wanton' actions on the part of the defendants." *Johnson v. Treen,* 759 F.2d at 1238. The facts presented by Frechou do not demonstrate such wanton actions. The evidence before the Court indicates Frechou was provided reasonable medical care for his complaints by jail medical personnel. Frechou's inmate file contains doctor's orders for treatment entered on eight separate occasions from June 8, 2008 to March 25, 2009, and Frechou was also taken to outside medical care providers for treatment. [38-4, p. 24], [38-5, pp. 64-65], [44]. Mere negligence, neglect or even medical malpractice do not constitute a valid § 1983 claim. See, *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1991). Even if Frechou disagrees with the treatment he receives, that not equate to a violation of his constitutional rights. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Prison officials are not liable for denial of medical treatment unless they know of and disregard an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159

(5th Cir. 1999). Frechou has failed to come forward with evidence to establish that jail personnel were deliberately indifferent to serious medical needs.

## Conditions of Confinement

The Constitution does not require that prisoners be provided a comfortable jail. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). The constitutional prohibition against cruel and unusual punishment requires simply that prisoners be afforded humane conditions of confinement, receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). To establish a constitutional violation due to conditions of confinement, an inmate must show (1) that prison officials deprived him of "the minimal civilized measure of life's necessities;" and (2) that the prison officials acted out of indifference to the inmate's health or safety. *Id.* To establish indifference, the inmate must show prison officials were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn, and that the officials actually drew an inference that such potential for harm existed. In deciding the constitutionality of conditions of confinement of pretrial detainees, the Court must determine whether the conditions complained of are imposed for the purpose of punishment. *Bell v. Wolfish*, 441 U.S. 529, 538-539 (1979).

Frechou's overcrowding complaint is that he was sometimes housed with two other inmates in a two-man cell, which meant someone had to sleep on the floor. [38-4, pp. 17-18] He stated the tap water was discolored at times, and that he once had diarrhea for three or four days, but the nurse just told him it would pass. Frechou admits some of the cells have water coolers, and the affidavit of Jail Administrator Julie Flowers establishes that Frechou's zone is provided a water cooler daily. Frechou alleges that the food is served cold, and inmates are not provided

7

cleaning supplies on weekends. Administrator Flowers' affidavit establishes that inmates are provided cleaning supplies five times a week, trash is removed twice daily, and inmates are provided three meals a day. [38-6] Frechou concedes inmates do have supplies to clean their cells Monday through Friday. He testified he has been bitten by a few ants at times, for which he did not receive medical treatment, and that there is staph infection in the jail, though he has never been diagnosed with such an infection. There is mold on the shower walls which he thinks causes him respiratory problems "like hay fever." He alleges that mail is not timely delivered, that the correctional staff verbally abuses inmates, and that he had yard call only once a week.

Overcrowding of inmates is not *per se* unconstitutional, *Rhodes v. Chapman*, 451 U.S. 337, 347-350, 101 S.Ct. 2392 (1981), nor does the temporary inconvenience or discomfort of having to sleep on a mat on the floor amount to a constitutional violation. Pretrial detainees have no right to an elevated bed. *Mann v. Smith*, 796 F.2d 79, 85-86 (5th Cir. 1986). The Constitution requires that prisoners be served food that provides adequate nutrition, not that it be served hot. *Logan v. Black*, 983 F.2d 1063 (5th Cir. 1993). "Mere allegations of verbal abuse do not present actionable claims under § 1983." *See*, *Bender v. Brumley*, 1 F.3d 271, 274, n. 4 (5th Cir. 1993):

> "[A]s a rule, 'mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation.' " *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.), *cert. denied,* 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983) (quoting *Coyle v. Hughs,* 436 F.Supp. 591, 593 (W.D.Okla.1977)).

Frechou claims he should get mail every day from people who write to him, and that as of the date of the hearing he had not received mail in two weeks. Such speculation is insufficient to undergird a constitutionally cognizable claim, particularly in light of the lack of any allegation of actual harm resulting therefrom. Finally, neither the U.S. Supreme Court nor the Fifth Circuit has expressly held that prisoners enjoy an absolute right to time outdoors. See, *Green v. Ferrell*,

801 F.2d 765, 771-772. (5th Cir. 1986). The Court finds Frechou has failed to come forward with evidence showing that the conditions of which he complains are imposed for the purpose of punishment.

Frechou has alleged no specific act by Sheriff Allison resulting in violation of his rights, hence dismissal of his claims as to the Sheriff might be justified. And his failure to present evidence of any official policy or custom of Pearl River County to deny jail inmates appropriate medical care or humane conditions of confinement leaves no foundation for a finding of liability against Pearl River County. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, since the Court has received and considered additional evidence with respect to Frechou's claims, the Court concludes that the matter is best dealt with via summary judgment. Pursuant to applicable law, and from the evidence of record, the Court finds summary judgment appropriate as to both Defendants on Plaintiff's claims. It is therefore,

**ORDERED AND ADJUDGED**, that Defendants' motion for summary judgment is granted, which renders moot the motions to dismiss and for qualified immunity. A separate judgment shall be entered in favor of both Defendants.

SO ORDERED, this the 11th day of February, 2010.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE